TERRACE ELLIS, PLAINTIFF
1617 FOXWORTHY AVENUE
SAN JOSE, CA 95118
Telephone: (408) 621-6210
sunhomme@gmail.com

FILED ADR

JUN 0 6 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRACE ELLIS,

    Plaintiff,

v.

CARSON SMITHFIELD, LLC.
CARDWORKS SERVICING,
INC., CARDWORKS
SERVICNG, LLC., AND DOES
1-20

    Defendant.

Case No. CV 14-02607 BLF PSG

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT *47 U.S.C. § 227*, FAIR DEBT COLLECTION PRACTICES ACT *15 U.S.C §1692*, AND CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT *§1788*.**

**Demand Exceeds $10,000.00**

### PLAINTIFF'S COMPLAINT

Plaintiff alleges the following against Carson Smithfield, LLC. (Carson Smithfield), CardWorks Servicing, Inc., (CardWorks), CardWorks Servicing LLC. (CardWorks), and Does 1-20 (Defendants).

### INTRODUCTION

1. Count 1 of Plaintiff's Complaint is based on violation of *47 U.S.C. §227*, the Telephone Consumer Protection Act (TCPA).

2. Count 2 of Plaintiff's Complaint is based on violations of *15 U.S.C §1692 et seq.* the Fair Debt Collection Practices Act. (FDCPA).

3. Count 3 of Plaintiff's Complaint is based on violations of *Ca. Civ. Code §1788 et seq.*,

-1-

COMPLAINT AND DEMAND FOR JURY TRIAL

California's Rosenthal Fair Debt Collection Practices Act (RFDCPA).

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is conferred by *12 U.S.C. §2614; 47 U.S.C. §227(b)(3), 15 U.S.C. §1692; Ca. Civ. Code 1788.30(f),* and *28 U.S.C.§1331.*

5. Venue is proper in this District pursuant to *28 U.S.C. §1391b.*

6. Defendants conduct business in the state of California, and therefore, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in San Jose, Santa Clara County, California.

8. Plaintiff is a consumer and, according to Defendant, Plaintiff allegedly owes a debt as that term is defined by FDCPA *15 U.S.C. §1692 a(5)* and *Ca. Civ. Code § 1788.2(d).*

9. Defendant is a debt collector as that term is defined by FDCPA *§1692 a(6)* and *Ca. Civ. Code §1788.2(c).*

10. Defendant is a national company conducting business in California.

11. The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 20, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

COMPLAINT AND DEMAND FOR TRIAL BY JURY

## FACTUAL ALLEGATIONS

12. On March 20, 2012, Defendants CardWorks called and left an automated pre-recorded voicemail message on Plaintiff's cell phone number: 408-621-6210.

13. Defendants CardWorks used an automatic telephone dialing system to place the March 20, 2012 call.

14. Defendants CardWorks placed the call from phone number: 877-487-5583.

15. Defendants CardWorks were not given "prior express consent" to contact Plaintiff's cell phone.

16. Defendant Carson Smithfield placed five (5) phone calls to Plaintiff's cell phone 408-621-6210.

17. The dates of these phone calls follow: December 6, 2012, January 16, 2013, May 1, 2013, June 15, 2013 and July 20, 2013.

18. Defendant Carson Smithfield used an automatic telephone dialing system to place each of the phone calls.

19. Each of these phone calls was made from Defendant Carson Smithfield's phone number 877-394-5975.

20. Defendant Carson Smithfield was not given "prior express consent" to contact Plaintiff's cell phone.

21. Upon information and belief, Defendant Carson Smithfield made these calls to Plaintiff in an attempt to collect an alleged debt.

22. At no time did Defendant Carson Smithfield send Plaintiff a 30-day notice informing her of her rights to have the alleged debt validated.

## COUNT 1

### DEFENDANTS VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

**Against Defendants CardWorks and Carson Smithfield**

-3-

COMPLAINT AND DEMAND FOR TRIAL BY JURY

23. Plaintiff re-alleges paragraphs 1-22 as though fully set forth herein.

24. Defendants CardWorks demonstrated willful or knowing non-compliance with *47 U.S.C. §227(b)(1)(A)* by using an automatic telephone dialing system to call Plaintiff's number, which is assigned to a cellular telephone service.

25. Defendants CardWorks did not have prior express consent when using an automatic telephone dialing system to place the March 20, 2012 phone call to Plaintiff's cell phone in violation of *47 U.S.C. §227(b)(1)(A)(iii)*.

26. Plaintiff is entitled to damages of $1500 per violation pursuant to *47 U.S.C. §227(b)(3)(B)*.

27. Defendant Carson Smithfield demonstrated willful or knowing non-compliance with *47 U.S.C. §227(b)(1)(A)* by using an automatic telephone dialing system to call Plaintiff's number, which is assigned to a cellular telephone service.

28. Defendant Carson Smithfield did not have prior express consent when it used an automatic telephone dialing system to place the calls on December 6, 2012, January 16, 2013, May 1, 2013, June 15, 2013 and July 20, 2013 in violation of *47 U.S.C. §227(b)(1)(A)(iii)*.

29. Plaintiff is entitled to damages of $1500 per violation pursuant to *47 U.S.C. §227(b)(3)(B)*.

## COUNT II

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

**Against Defendant Carson Smithfield**

30. Plaintiff realleges paragraphs 1-29 as though fully set forth herein.

31. Plaintiff is a consumer within the meaning of the *FDCPA, 15 U.S.C. §1692a(3)*.

32. Defendant is a debt collector within the meaning of the *FDCPA, 15 U.S.C.*

COMPLAINT AND DEMAND FOR TRIAL BY JURY

§1692a(6).

33. On June 15, 2013 and July 20, 2013, Defendant violated *15 U.S.C. §1692d(5)* by causing the phone to ring repeatedly.

34. On June 15, 2013 and July 20, 2013, Defendant violated 15 U.S.C. *§1692d(6)* by placing telephone calls without disclosing his/her identity.

## COUNT III

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Against Defendant Carson Smithfield

35. Plaintiff realleges paragraphs 1-34 as though fully set forth herein.

36. Plaintiff is a natural person as that term is defined by *Ca. Civ. Code §1788.2(g)*.

37. Defendant Carson Smithfield is a debt collector as that term is defined by *Ca. Civ. Code §1788.2 (c)*,

38. Plaintiff allegedly owes a consumer debt as that term is defined by *Ca. Civ. Code §1788.2 (f)*.

39. Defendant violated *Ca. Civ. Code §1788.11 (b)* by "placing telephone calls without disclosure of the caller's identity…".

40. Defendant violated *Ca. Civ. Code §1788.11 (d)* by "causing a telephone to ring repeatedly or continuously to annoy the person called".

41. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

42. As a proximate result of Defendant's violations enumerated above, Plaintiff has been damaged in amounts, which are subject to proof.

-5-

COMPLAINT AND DEMAND FOR TRIAL BY JURY

43. Defendant Carson Smithfield's violations of the Rosenthal Act were willful and knowing. Defendant is therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to *Ca. Civil Code §1788.30*.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against Defendants CardWorks for the following:

44. Actual damages pursuant to *47 U.S.C. §227(b)(3)(B)*. Statutory damages pursuant to *47 U.S.C. §227(b)(3)(c)*, and for such other relief as the Court may deem just, and

Against Defendant Carson Smithfield for the following:

45. Actual damages pursuant to *47 U.S.C. §227(b)(3)(B)*. Statutory damages pursuant to *47 U.S.C. §227(b)(3)(c)*;

46. Actual damages pursuant to *15 U.S.C. §1692k (a)(1), and Ca. Civil Code §1788.30(a)*;

47. Statutory damages pursuant to *15 U.S.C. § 1692k (a)(2)(A) and Ca. Civil Code §1788.30(b)*;

48. Costs and reasonable attorney's fees pursuant to *15 U.S.C. §1692k (a)(3) and Ca. Civil code §1788.30(c)*;

49. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED: June 4, 2014

By: _____/s/_____ Terrace Ellis

COMPLAINT AND DEMAND FOR TRIAL BY JURY