UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TERRACE ELLIS,<br>        Plaintiff,<br>    v.<br>CARSON SMITHFIELD LLC, et al.,<br>        Defendants. | Case No. 14-cv-02607-BLF<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>[Re: ECF No. 5] |

    Before the Court is Plaintiff Terrace Ellis's Response to Order Denying In Forma Pauperis and Request to File Response Under Seal. (ECF 5) The Court construes the sealing request as an administrative motion to file under seal pursuant to Civil Local Rule 79-5.

    On June 19, 2014, the Court denied, without prejudice, Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP") due to inconsistent allegations of poverty. (Order, ECF 4) The Court granted Plaintiff an extension to July 3, 2014 to supplement her application. (*Id.* 2:9) On June 30, 2014, Plaintiff submitted her supplemental Response and concurrently sought to file the entire Response under seal. Plaintiff explains that the information in her Response "is private" and therefore should be "filed under seal and not be visible to the general public."

    There is a "strong presumption in favor of access" to judicial records that is overridden only for compelling reasons. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). The exception to this general rule applies a lower "good cause" standard to documents attached to non-dispositive motions, because such motions are typically "unrelated, or only tangentially related, to the underlying cause of action." *Id.* (quoting *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)). Plaintiff's request to seal does not satisfy

Case No. 14-cv-02607-BLF
ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL

either standard because the only explanation she offers in support of sealing is that the "information is private." On review of the information sought to be filed under seal, the Court finds that it is no more private or specific than the information that is typically filed publicly in support of an IFP application. *Accord Cooney v. California*, No. C-13-0677 EMC, 2013 WL 1748053, at *1 (N.D. Cal. Apr. 23, 2013); *Tater-Alexander v. Amerjan*, No. 108-CV-00372-OWW-SMS, 2008 WL 961234, at *1-3 (E.D. Cal. Apr. 8, 2008). Accordingly, Plaintiff's request to file her Response to Order Denying In Forma Pauperis under seal is DENIED.

It is unclear whether Plaintiff intended, through her Response, to supplement the record so that the Court would reconsider her IFP application on the merits or whether she merely intended to request an extension of time in which to pay the filing fee. Plaintiff shall have until **July 28, 2014** to either:

(1) Pay the full filing fee; or

(2) File her Response to Order Denying In Forma Pauperis into the public record, if Plaintiff wishes to proceed IFP and seeks a determination of her application on the merits. *See* Civ. L.R. 79-5(f)(2) (court will not consider a document denied sealing unless submitting party files the document into the public record).

**IT IS SO ORDERED.**

Dated: July 16, 2014

_____
BETH LABSON FREEMAN
United States District Judge