Abraham J. Colman (SBN 146933)
Email:    acolman@reedsmith.com
Judith T. Sethna (SBN 232731)
Email:    jsethna@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendants
Carson Smithfield, LLC, CardWorks Servicing, LLC and CardWorks, Inc. (erroneously sued as CardWorks Servicing, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRACE ELLIS,<br><br>Plaintiff,<br><br>vs.<br><br>CARSON SMITHFIELD, LLC, CARDWORKS SERVICING, INC., CARDWORKS SERVICING LLC, AND DOES 1-20,<br><br>Defendants. | No.: CV 14-02607-BLF-PSG<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Compl. Filed:  June 6, 2014<br><br>Honorable Beth Labson Freeman |

Defendants Carson Smithfield, LLC, CardWorks Servicing, LLC and CardWorks, Inc. (erroneously sued as CardWorks Servicing, Inc.) (collectively "Defendants") hereby answer the Complaint filed by Plaintiff Terrace Ellis ("Plaintiff"). The numbered paragraphs below correspond to the numbered paragraphs of the Complaint.

## INTRODUCTION

1. Defendants admit only that Plaintiff has filed a Complaint based on violation of 47 U.S.C. §227, the Telephone Consumer Protection Act (TCPA). Defendants deny Plaintiff is entitled to any recovery of any kind from Defendants.

2. Defendants admit only that Plaintiff has filed a Complaint based on violations of 15 U.S.C. §1692 *et seq.*, and the Fair Debt Collection Practices Act (FDCPA). Defendants deny Plaintiff is entitled to any recovery of any kind from Defendants.

3. Defendants admit only that Plaintiff has filed a Complaint based on violations of Ca. Civ. Code §1788 et seq., California's Rosenthal Fair Debt Collection Practices Act (RFDCPA). Defendants deny Plaintiff is entitled to any recovery of any kind from Defendants.

## JURISDICTION AND VENUE

4. This Paragraph contains legal conclusions which do not require a denial or admission.

5. This Paragraph contains legal conclusions which do not require a denial or admission.

6. Defendants admit they conduct business in the State of California. The remaining allegations in this Paragraph contain legal conclusions which do not require a denial or admission.

## PARTIES

7. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

8. This Paragraph contains legal conclusions which do not require a denial or admission. To the extent a response is required, Defendants deny these allegations.

9. This Paragraph contains legal conclusions which do not require a denial or admission. To the extent a response is required, Defendants deny these allegations.

10. Defendants admit they conduct business in the State of California. Except as expressly admitted,

Defendants deny these allegations.

11. This Paragraph contains legal conclusions which do not require a denial or admission. To the extent a response is required, Defendants deny these allegations.

## FACTUAL ALLEGATIONS

12. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

13. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

14. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

15. Defendants deny these allegations.

16. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

17. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

18. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

19. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

20. Defendants deny these allegations.

21. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

22. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

## COUNT 1

## DEFENDANTS VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

**Against Defendants CardWorks and Carson Smithfield**

23. Defendants deny that they violated the TCPA. This Paragraph also consists of legal conclusions which do not require a denial or admission. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

24. Defendants deny that they violated the TCPA. This Paragraph also consists of legal conclusions which do not require a denial or admission. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

25. Defendants deny that they violated the TCPA. This Paragraph also consists of legal conclusions which do not require a denial or admission. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

26. Defendants deny Plaintiff suffered damages in any way caused by Defendants.

27. Defendants deny that they violated the TCPA. This Paragraph also consists of legal conclusions which do not require a denial or admission. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

28. Defendants deny that they violated the TCPA. This Paragraph also consists of legal conclusions which do not require a denial or admission. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

29. Defendants deny Plaintiff suffered damages in any way caused by Defendants.

## COUNT II

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

### Against Defendant Carson Smithfield

30. Defendants incorporate each and every admission, denial, and averment contained in Paragraphs 1-29 as if fully set forth herein.

31. This Paragraph contains legal conclusions which do not require a denial or admission. To the extent a response is required, Defendants deny these allegations.

32. This Paragraph contains legal conclusions which do not require a denial or admission. To the extent a response is required, Defendants deny these allegations.

33. Defendants deny that they violated the FDCPA. This Paragraph also consists of legal conclusions which do not require a denial or admission. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

34. Defendants deny that they violated the FDCPA. This Paragraph also consists of legal conclusions which do not require a denial or admission. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

## COUNT III

### DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

#### Against Defendant Carson Smithfield

35.  Defendants incorporate each and every admission, denial, and averment contained in Paragraphs 1-34 as if fully set forth herein.

36. This Paragraph contains legal conclusions which do not require a denial or admission. To the extent a response is required, Defendants deny these allegations.

37. This Paragraph contains legal conclusions which do not require a denial or admission. To the extent a response is required, Defendants deny these allegations.

38. This Paragraph contains legal conclusions which do not require a denial or admission. To the extent a response is required, Defendants deny these allegations.

39. Defendants deny that they violated the RFDCPA. This Paragraph also consists of legal conclusions which do not require a denial or admission. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Paragraph, and on that basis, denies them.

40. Defendants deny that they violated the RFDCPA. This Paragraph also consists of legal conclusions which do not require a denial or admission. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

41. Defendants deny that they violated the RFDCPA. This Paragraph also consists of legal conclusions which do not require a denial or admission. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

42. Defendants deny Plaintiff suffered damages in any way caused by Defendants.

43. Defendants deny that they violated the RFDCPA. This Paragraph also consists of legal conclusions which do not require a denial or admission. Defendants deny Plaintiff suffered damages in any way caused by Defendants.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any damages or any other recovery of any kind from Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

1. Plaintiff's claims fail to allege facts sufficient to state any cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

2. Plaintiff's claims are barred by all applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Laches)**

3. Plaintiff's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

4. All of the causes of action alleged in the Complaint are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5. Plaintiff has waived any and all claims, rights and demands that Plaintiff had or may have against Defendants, and any claims by Plaintiff asserted herein are subject to that waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification/Consent)

6. Plaintiff has ratified or consented to the actions and conduct of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

7. Plaintiff fails to show that any alleged acts or omissions of Defendants caused the damages, injuries, or losses claimed.

## EIGHTH AFFIRMATIVE DEFENSE

### (Prior Express Consent)

8. Plaintiff gave Defendants prior express consent for the telephone calls at issue in this action. 47 U.S.C. § 227(b)(1)(A).

## NINTH AFFIRMATIVE DEFENSE

### (Existing Business Relationship)

9. Plaintiff had an existing business relationship with Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff and/or Others)

10. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct of Plaintiff or of third parties, and not Defendants.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 7 –

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

11. Plaintiff did not incur any damages, injury, or loss as a result of any act or conduct by Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

### (Offset)

12. Defendants are entitled to an offset of the claims set forth in the Complaint sufficient to diminish or defeat the recovery thereunder by Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Innocent Mistake/Bona Fide Error)

13. Any alleged acts or omissions of Defendants giving rise to the claims of Plaintiff, if any, are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Defendants. Defendants, at all times acted in a reasonable manner in connection with the transactions at issue in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

14. Defendants specifically deny that it acted with any intent or knowledge to cause any injury or loss to Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Justification)

15. The acts and omissions alleged in the Complaint were justified.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

16. The claims of Plaintiff are uncertain, ambiguous, and unintelligible.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

17. Plaintiff has failed, in whole or in part, to mitigate Plaintiff's alleged damages.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith/Conformance with Applicable Standards)

18. With respect to all matters alleged in the Complaint, Defendants at all times acted in good faith and in conformance with all applicable government and industry standards, thus precluding any recovery by Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Compliance with Law)

19. Defendants met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Defendants.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to State a Claim to Attorneys' Fees)

20. The Complaint and each purported claim for relief therein fails to state facts sufficient to entitle Plaintiff to an award of attorneys' fees.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Malice)

21. Defendants specifically deny that they acted with any willfulness, oppression, fraud or malice towards Plaintiff or others.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Right to Compel Arbitration)

22. Defendants reserve their right compel arbitration of this matter, pursuant to the relevant agreement(s).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Intervening Acts of Others)

23. The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Defendants.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

24. Defendants have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

**WHEREFORE**, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by reason of the Complaint;
2. For its costs of suit herein;
3. For attorney's fees according to proof; and
4. For such other and further relief as this Court may deem just and proper.

DATED: September 19, 2014

                        REED SMITH LLP

                        By: */s/ Judith T. Sethna*
                             Abraham J. Colman (SBN 146933)
                             Judith T. Sethna (SBN 232731)
                             Attorneys for Defendants Carson Smithfield, LLC, CardWorks Servicing, LLC and CardWorks, Inc. (erroneously sued as CardWorks Servicing, Inc.)

# PROOF OF SERVICE

### *Terrace Ellis v. Carson Smithfield, LLC, et al.*
### (USDC-Northern District of California, Case No. CV-14-02607-BLF-PSG)

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On September 19, 2014, I served the following document(s) by the method indicated below:

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

| | |
|---|---|
| ☐ | **[BY FAX]** by transmitting via facsimile on this date from fax number 213.457.8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. |
| ☒ | **[BY U.S. MAIL]** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration. |
| ☐ | **[BY OVERNIGHT MAIL]** by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. |
| ☐ | **[BY E-MAIL]** by transmitting via email to the parties at the email addresses listed below: |
| ☐ | **[BY PERSONAL SERVICE]** by placing the document(s) listed above in a sealed envelope(s) and by causing same-day personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |

Terrace Ellis
1617 Foxworthy Avenue
San Jose, CA 95118
Phone: (408) 621-6210

*Plaintiff In Pro Per*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 19, 2014, at Los Angeles, California.

_____
Sonia Martinez