Abraham J. Colman (SBN 146933)
Email:   acolman@reedsmith.com
Judith T. Sethna (SBN 232731)
Email:   jsethna@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendants
Carson Smithfield, LLC, CardWorks Servicing, LLC and CardWorks, Inc. (erroneously sued as CardWorks Servicing, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRACE ELLIS,<br><br>            Plaintiff,<br><br>     vs.<br><br>CARSON SMITHFIELD, LLC, CARDWORKS SERVICING, INC., CARDWORKS SERVICING LLC, AND DOES 1-20,<br><br>            Defendants. | No.: CV 14-02607-BLF-PSG<br><br>**DEFENDANTS' CASE MANAGEMENT STATEMENT**<br><br>Compl. Filed:  June 6, 2014<br><br>Honorable Beth Labson Freeman |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9, and this Court's Order Setting Rule 26(f) Scheduling Conference, Defendants Carson Smithfield, LLC, CardWorks Servicing, LLC and CardWorks, Inc. (erroneously sued as CardWorks Servicing, Inc.) (collectively "Defendants") submit the following Case Management Statement. [1]

On October 10, 2014, the parties conducted the conference required by Fed. R. Civ. P. 26(f).

1. **JURISDICTION AND SERVICE**

    **PLAINTIFF:**

    **DEFENDANTS**: This court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, both federal statutes. The Federal Communications Commission ("FCC") also has primary jurisdiction over specific issues that are central to resolution of this case, including but not limited to the definition of "automatic telephone dialing system" as that term is defined by the TCPA and whether the TCPA applies to non-telemarketing calls.

2. **FACTS**

    **PLAINTIFF:**

    **DEFENDANTS:** Plaintiff alleges that Defendants violated the TCPA, FDCPA and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Defendants filed an Answer denying violating any provision of the FDCPA, TCPA, RFDCPA or any other law in any manner. In particular, Plaintiff provided the phone number at-issue on her credit card application which constitutes "prior express consent" to be called pursuant to the TCPA. California courts as well as the FCC have made clear that when a consumer provides a cellular telephone number to a creditor as part of the underlying transaction, the provision of the phone number constitutes express consent for the creditor to contact the consumer about the debt. *See* In re Rules and Regs. Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C. Rcd 559, 564-65 (2008) ("2008 Ruling").

---

[1] On October 16, 2014, Plaintiff stated that she would prepare a draft Joint Case Management Statement. To date, Defendants have not received a Joint Case Management Statement from Plaintiff. Defendants anticipate Plaintiff will file a Case Management Statement shortly.

– 2 –
DEFENDANTS' CASE MANAGEMENT STATEMENT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Moreover, calls placed by a third party debt collector on behalf of the creditor are treated as if the creditor itself placed the call. (2008 Ruling at 565); *see also Chyba v. First Financial Asset Management*, 2014 WL 1744136 at *10-12 (S.D. Cal April 30, 2014) ("although Plaintiff did not give consent directly to Defendant to call her cell phone, it is sufficient that Defendant had a good faith basis to believe that Plaintiff provided consent to the creditor on whose behalf Defendant sought to collect a debt. Even if Plaintiff is correct in stating that she never gave Defendant or [the creditor] consent to call, and there was no actual prior consent from Plaintiff, Defendant is not liable for acting in good faith upon the information provided to it"). Defendants also deny that Plaintiff was damaged in any way caused by Defendants.

3. **LEGAL ISSUES**

**PLAINTIFF:**

**DEFENDANTS:**

- Whether Defendants violated the FDCPA and RFDCPA by allegedly placing an excessive amount of calls to Plaintiff;
- Whether Defendants violated the FDCPA and RFDCPA by failing to send Plaintiff a 30-day notice informing her of her right to have the alleged debt validated;
- Whether Defendants violated the FDCPA and RFDCPA by placing telephone calls to Plaintiff without disclosing his/her identity;
- Whether Defendants used an ATDS to place calls to a cellular telephone number belonging to Plaintiff without consent in violation of the TCPA;
- Whether Defendants' calls to Plaintiff were made in knowing and willful violation of the TCPA such that the imposition of treble damages is warranted;
- Whether Defendants' alleged violations of the FDCPA and RFDCPA were not intentional and resulted from a bona-fide error that occurred notwithstanding the maintenance of procedures adapted to avoid such a violation;

- Whether Defendants established and implemented reasonable practices and procedures to effectively prevent violations of the TCPA;
- Whether establishing and implementing reasonable practices and procedures to prevent violations of the TCPA is sufficient to avoid liability under the Act;
- Whether Plaintiff provided consent to receive calls on her cellular telephone; and
- Whether Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, ratification, consent and estoppel

4. **MOTION**

   **PLAINTIFF**:

   **DEFENDANTS**: Defendants reserve their right to file a motion to stay pursuant to the primary jurisdiction doctrine. Defendants also reserve their right to file a motion for summary judgment, or in the alternative, summary adjudication, at the appropriate time.

5. **AMENDMENT OF PLEADINGS:**

6. **EVIDENCE PRESERVATION**

   **PLAINTIFF**:

   **DEFENDANTS**: Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. Defendants represent that they are satisfactorily preserving evidence.

7. **JOINT CASE MANAGEMENT STATEMENT**

   No initial disclosures have been made. The parties have discussed an extension, and Defendants will provide initial disclosures by November 7, 2014.

8. **DISCOVERY**

   **PLAINTIFF**:

   **DEFENDANTS**: Defendants will serve written discovery, including Requests for

Admission, Requests for Production of Documents and Interrogatories. Defendants will also depose Plaintiff to discover information relating to Plaintiff's claims.

9. **CLASS ACTIONS**: This case is not a class action.

10. **RELATED CASES**: There does not appear to be any related cases.

11. **RELIEF**

**PLAINTIFF**:

**DEFENDANTS**: Defendants deny that they negligently or willfully violated any law in any manner and deny that Plaintiff suffered or is entitled to any damages from Defendants.

12. **SETTLEMENT AND ADR**: The parties have not discussed settlement. Defendants are willing to discuss settlement following appropriate discovery. The parties will file a specific ADR plan for this case.

13. **CONSENT TO MAGISTRATE JUDGE FOR ALL PARTIES**: The parties do not consent to a magistrate judge to conduct all further proceedings.

14. **OTHER REFERENCES**: The parties to not believe this case is suitable for a special master or the Judicial Panel on Multidistrict Litigation. Defendants reserve their right to compel arbitration, if applicable.

15. **NARROWING OF ISSUES**: At this time, the parties are unable to narrow the issues by agreement.

16. **EXPEDITED TRIAL PROCEDURE**: The parties do not believe than an expedited trial procedure is appropriate for this case.

17. **SCHEDULING**

**PLAINTIFF**:

**DEFENDANTS**: Defendants propose the following dates:

    Expert disclosure: May 22 2015

    Discovery Cut-Off: June 23, 2015

    Last day for hearing motions: July 28, 2015

    Last date to conduct a settlement conference: June 6, 2015

Final Pretrial Conference: August 7, 2015

Trial: August 27, 2015

18. **TRIAL**:

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

**PLAINTIFF:**

**DEFENDANTS**: Defendants filed their Certification of Interested Parties or Person on September 19, 2014. Pursuant to Fed. R. Civil P. 7.1, the undersigned, counsel of record for Defendants Carson Smithfield, LLC, CardWorks Servicing, LLC and CardWorks, Inc. (erroneously sued as CardWorks Servicing, Inc.) provides this corporate disclosure statement as follows: CardWorks, Inc. is the parent company of both Carson Smithfield, LLC and CardWorks Servicing, LLC. No publically held corporation owns 10% or more of its stock.

DATED: October 31, 2014

REED SMITH LLP

By: /s/ *Judith T. Sethna*
Abraham J. Colman (SBN 146933)
Judith T. Sethna (SBN 232731)
Attorneys for Defendants Carson Smithfield, LLC, CardWorks Servicing, LLC and CardWorks, Inc. (erroneously sued as CardWorks Servicing, Inc.)

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

— 6 —