Abraham J. Colman (SBN 146933)
Email:   acolman@reedsmith.com
Judith T. Sethna (SBN 232731)
Email:   jsethna@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendants
Carson Smithfield, LLC, CardWorks Servicing, LLC and CardWorks, Inc. (erroneously sued as CardWorks Servicing, Inc.)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRACE ELLIS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CARSON SMITHFIELD, LLC, CARDWORKS SERVICING, INC., CARDWORKS SERVICING LLC, AND DOES 1-20,<br><br>　　　　　　Defendants. | No.: CV 14-02607-BLF-PSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Compl. Filed:  June 6, 2014<br><br>Honorable Beth Labson Freeman |

Plaintiff initiated the Case Management conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9, and this Court's Order Setting Rule 26(f) Scheduling Conference, on October 10, 2014. Defendants' attorney agreed to provide dates subsequent to that conference to finalize the statement, however, Defendant failed to provide those dates in a timely manner. This Joint Case Management Statement, sent to Plaintiff on October 31st, is the first opportunity Plaintiff has had to review and consider the Defendants' dates necessary to the completion of this Joint Case Management Statement. Plaintiff and Defendants Carson Smithfield, LLC, CardWorks Servicing, LLC and CardWorks, Inc. (erroneously sued as CardWorks Servicing, Inc.) (Collectively "Defendants") submit the following Case Management Statement. [1]

1. **JURISDICTION AND SERVICE**

**PLAINTIFF:** In addition to the statements below by Defendants regarding this court's subject matter jurisdiction, Plaintiff asserts that this court also has subject matter jurisdiction pursuant to California's Rosenthal Act §1788.30 (f) (RFDCPA).

**DEFENDANTS:** This court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, both federal statutes. The Federal Communications Commission ("FCC") also has primary jurisdiction over specific issues that are central to resolution of this case, including but not limited to the definition of "automatic telephone dialing system" as that term is defined by the TCPA and whether the TCPA applies to non-telemarketing calls.

2. **FACTS**

Each party has summarized below the factual and legal contentions in its respective pleadings. The inclusion of these summaries in this Joint Case Management Statement should not be construed as an admission or adoption by any party of any factual or legal contention alleged by the other party.

---

[1] On October 16, 2014, Plaintiff stated that she would prepare a draft Joint Case Management Statement. To date, Defendants have not received a Joint Case Management Statement from Plaintiff. Defendants anticipate Plaintiff will file a Case Management Statement shortly.

**PLAINTIFF**: On March 19, 2010, Advanta Bank Corp., UT was closed by the Utah Department of Financial Institutions for Unfair Trade Practices. Subsequently, the Federal Deposit Insurance Corporation (FDIC) was named Receiver. On or about July 2010, CardWorks Inc., a third party bank card servicer and parent company of CardWorks Servicing, LLC, and Carson Smithfield, LLC., was appointed as successor servicer to the Advanta credit card trust by Deutche BankTrust Company Americas, with the consent and agreement of the FDIC. The Master Trust contained over 220,000 accounts. Upon Information and belief, Plaintiff's alleged Advanta account was among those 220,000 accounts.

Defendants CardWorks Servicing, LLC. and Carson Smithfield, LLC. are managed solely by CardWorks, Inc., which owns 100% equity of both CardWorks Servicing LLC., and Carson Smithfield, LLC. The principal executive officer of CardWorks Inc., CardWorks Servicing, LLC., and Carson Smithfield, LLC. is Donald M. Berman, each of which is located at 101 Crossways Park Drive Wst, Woodbury, New York 11797.

In an attempt to collect an alleged Advanta credit card debt, Defendants violated the TCPA, FDCPA and RFDCPA as described below:

**TCPA** – Defendants made forty-five (45) pre-recorded or artificial voice calls to Plaintiff's cell phone, using an automated telephone dialing system. Defendant CardWorks Servicing, LLC's Automated Telephone Dialing System has been registered with the Public Utility Commission of Texas since June 23, 2009 (Permit #: 090125) and Defendant Carson Smithfield, LLC.'s Automated Telephone Dialing System has been registered since March 27, 2012 (Permit #: 120016). Each of the forty-five (45) calls was made without Plaintiff's prior express consent as she has never provided her cellular telephone number to Advanta or to Defendants. The legislative history in the TCPA provides support for this interpretation. The House report on what ultimately became section 227 states that "prior express consent is deemed to be granted only if the wireless

number was provided by the consumer to the creditor, and that such number was provided during the transaction which resulted in the debt owed." *See* In re Rules and Regs. Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C. Rcd 559, 564-65 (2008) ("2008 Ruling") and the FCC Declaratory Ruling adopted on March 27, 2014 wherein "the Commission determined that a third-party debt collector could lawfully make an autodialed or prerecorded call 'regarding the debt' to a wireless number that the consumer had provided to the creditor, which the creditor had then passed along to the debt collector." Also, *see Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009), that Express Consent is "[c]onsent that is clearly and unmistakably stated." (internal quotations omitted)." Order 1.

Additionally, on January 6, 2014, January 13, 2014 and January 17, 2014, upon answering Defendants' phone calls, Plaintiff verbally requested that Defendants stop calling her cell phone. (see *Gutierrez v. Barclays Group*, 2011 U.S. Dist. LEXIS 12546 (S.D. Cal. Feb. 9, 2011). Determining that because the FCC indicated that prior express consent need not be in writing, a consumer can revoke consent orally.

Plaintiff also sent a letter to Defendants on January 18, 2014 (certified #9507-1000-1085-4018-0000-10), which Defendants received on January 21, 2014, advising them that their calls to her cell phone violated TCPA. Therefore, any consent Defendants may have thought they had to contact Plaintiff's cell phone was revoked on the above-mentioned dates. *See Gager v. Dell Financial Services LLC*, 2013 U.S. App. LEXIS 17579 (3rd Cir. Aug. 22, 2013) where the court reasoned that consent can be revoked under common law, and any ambiguity in the TCPA should be resolved in favor of the consumer.

Defendants' violation of the TCPA was willful or knowing; Plaintiff argues that forty-five (45) calls were not made accidentally. Courts may treble the damages award if the court finds that defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227(b)(3). While the TCPA does

not define willful, the Communications Act of 1943, of which the TCPA is a part, defines willful as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation." *In Dubsky v. Advanced Cellular Communications, Inc.*, No. 2008 cv 00652, 2004 WL 503757, at * 2 (Ohio Com. Pl. Feb. 24, 2004), the court found that in the context of the TCPA, the term acting "willfully" means that "the defendant acted voluntarily, and under its own free will, regardless of whether the defendant knew that it was acting in violation of the statute." 47 U.S.C.§ 227(b)(3). Plaintiff seeks actual, statutory, and punitive damages for Defendants' willful or knowing violations of TCPA in making excessive calls to her cellular telephone without prior express consent.

**FDCPA**– Defendant violated 15 U.S.C. §1692d(5) by causing the phone to ring repeatedly and 15 U.S.C. §1692d(6) by placing telephone calls without disclosing his/her identity. Plaintiff seeks actual and statutory damages for Defendants' violations of FDCPA whether those violations were intentional or not. *See Randall v. Nelson & Kennard,* 2010 WL 3636258 (D. Ariz. Sept. 20, 2010). The FDCPA is considered a strict liability statute, meaning that a consumer need not show that the debt collector intentionally, fraudulently, or knowingly violated the Act.

**RFDCPA** – Defendants violated Ca. Civ. Code §1788.11(b) by "placing telephone calls without disclosure of the caller's identity…" and Ca. Civ. Code §1788.11 (d) by "causing a telephone to ring repeatedly or continuously to annoy the person called". Plaintiff seeks actual and punitive damages for their willful and knowing violations of RFDCPA.

**DEFENDANTS:** Plaintiff alleges that Defendants violated the TCPA, FDCPA and California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Defendants filed an Answer denying violating any provision of the FDCPA, TCPA, RFDCPA or any other law in any manner. In particular, Plaintiff provided the phone number at-issue on her credit card application, which constitutes "prior express consent" to be called pursuant to the TCPA. California courts as well as

the FCC have made clear that when a consumer provides a cellular telephone number to a creditor as part of the underlying transaction, the provision of the phone number constitutes express consent for the creditor to contact the consumer about the debt. *See* In re Rules and Regs. Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C. Rcd 559, 564-65 (2008) ("2008 Ruling"). Moreover, calls placed by a third party debt collector on behalf of the creditor are treated as if the creditor itself placed the call. (2008 Ruling at 565); *see also Chyba v. First Financial Asset Management*, 2014 WL 1744136 at *10-12 (S.D. Cal April 30, 2014) ("although Plaintiff did not give consent directly to Defendant to call her cell phone, it is sufficient that Defendant had a good faith basis to believe that Plaintiff provided consent to the creditor on whose behalf Defendant sought to collect a debt. Even if Plaintiff is correct in stating that she never gave Defendant or [the creditor] consent to call, and there was no actual prior consent from Plaintiff, Defendant is not liable for acting in good faith upon the information provided to it"). Defendants also deny that Plaintiff was damaged in any way caused by Defendants.

3. **LEGAL ISSUES**

The principal legal issues in dispute include:

**PLAINTIFF:**
- Whether Plaintiff provided her cellular telephone number to alleged creditor Advanta;
- Whether Defendant was collecting on behalf of said creditor who then passed Plaintiff's cellular telephone number to Defendants;
- Whether Defendants used an ATDS or artificial or pre-recorded call to call Plaintiffs cellular phone number without prior express consent;
- Whether Plaintiff revoked consent to receive calls on her cellular telephone;
- Whether Defendants' willful or knowing violations of TCPA require "clear and convincing" evidence to prove;
- Whether the TCPA includes a provision that exempts Defendants from

liability if they established and implemented reasonable practices and procedures to effectively prevent violation of the TCPA; and

- Whether Defendant CardWorks Inc., is liable under the legal principle of Respondeat Superior for the actions of its subsidiaries, Defendants Carson Smithfield, LLC. and CardWorks Servicing, LLC.

**DEFENDANTS:**

- Whether Defendants violated the FDCPA and RFDCPA by allegedly placing an excessive amount of calls to Plaintiff;
- Whether Defendants violated the FDCPA and RFDCPA by failing to send Plaintiff a 30-day notice informing her of her right to have the alleged debt validated;
- Whether Defendants violated the FDCPA and RFDCPA by placing telephone calls to Plaintiff without disclosing his/her identity;
- Whether Defendants used an ATDS to place calls to a cellular telephone number belonging to Plaintiff without consent in violation of the TCPA;
- Whether Defendants' calls to Plaintiff were made in knowing and willful violation of the TCPA such that the imposition of treble damages is warranted;
- Whether Defendants' alleged violations of the FDCPA and RFDCPA were not intentional and resulted from a bona-fide error that occurred notwithstanding the maintenance of procedures adapted to avoid such a violation;
- Whether Defendants established and implemented reasonable practices and procedures to effectively prevent violations of the TCPA;
- Whether establishing and implementing reasonable practices and procedures to prevent violations of the TCPA is sufficient to avoid liability under the Act;
- Whether Plaintiff provided consent to receive calls on her cellular telephone;

- Whether Defendants called and left automated pre-recorded voicemail messages on Plaintiff's cellular telephone using an automatic telephone dialing system; and
- Whether Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, ratification, consent and estoppel.

4. **MOTION**

**PLAINTIFF**: Plaintiff reserves the right to file motions to compel evidence germane to this case as well as motions for in camera review for items included in Defendants privilege log, at the appropriate time.

**DEFENDANTS**: Defendants reserve their right to file a motion to stay pursuant to the primary jurisdiction doctrine. Defendants also reserve their right to file a motion for summary judgment, or in the alternative, summary adjudication, at the appropriate time.

5. **AMENDMENT OF PLEADINGS:**

Plaintiff anticipates one further amendment to the complaint prior to discovery to include additional claims against the Defendants. Plaintiff will file her First Amended Complaint, with this court's permission, by November 14, 2014. The parties do not anticipate any further amendments. However, discovery is not completed, and parties, claims, or defenses may be added as necessary if normal case scheduling is not thereby delayed.

6. **EVIDENCE PRESERVATION**

**PLAINTIFF**: Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and has taken reasonable and necessary steps to preserve evidence relevant to the issues reasonably evident in this action.

**DEFENDANTS**: Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve

evidence relevant to the issues reasonably evident in this action. Defendants represent that they are satisfactorily preserving evidence.

7. **JOINT CASE MANAGEMENT STATEMENT**

No initial disclosures have been made. The parties have discussed an extension, and Plaintiff and Defendants will provide initial disclosures by November 7, 2014.

8. **DISCOVERY**

**PLAINTIFF**: Plaintiff will serve written discovery, including Requests for Admission, Requests for Production of Documents and Interrogatories involving Defendants' ATDS, the alleged Advanta credit application involving Plaintiff, other TCPA, FDCPA and RFDCPA complaints against Defendants., and Defendants' call recordings. Plaintiff will also depose Defendants and Does 1-20 to discover information relating to Defendant's assertions.

**DEFENDANTS**: Defendants will serve written discovery, including Requests for Admission, Requests for Production of Documents and Interrogatories. Defendants will also depose Plaintiff to discover information relating to Plaintiff's claims.

9. **CLASS ACTIONS**: This case is not a class action; however, Plaintiff reserves the right to engage counsel for the purpose of filing a class action for Defendant's violations of the TCPA.

10. **RELATED CASES**: There does not appear to be any related cases.

11. **RELIEF**

**PLAINTIFF: Plaintiff seeks relief as follows:**

**Against CardWorks Servicing LLC. for:**

Actual damages pursuant to *47 U.S.C. §227(b)(3)(B)*; statutory damages pursuant to *47 U.S.C. §227(b)(3)(c)*, and for such other relief as the Court may deem just and proper.

**Against Defendant Carson Smithfield for:**

Actual damages pursuant to *47 U.S.C. §227(b)(3)(B)*; statutory damages pursuant to *47 U.S.C. §227(b)(3)(c)*; actual damages pursuant to *15 U.S.C. §1692k (a)(1), and Ca. Civil*

Code §1788.30(a); statutory damages pursuant to *15 U.S.C. § 1692k (a)(2)(A) and Ca. Civil Code §1788.30(b);* costs and reasonable attorney's fees pursuant to *15 U.S.C. §1692k (a)(3)* and *Ca. Civil code §1788.30(c).*

**Against Defendant CardWorks Inc.**

Defendant CardWorks Inc., in its capacity as parent company of Defendants CardWorks Servicing and Carson Smithfield is separately liable for violations committed by them under the legal principle "Respondeat Superior". As beneficiary of revenue streams created by them, and its ability to spread risk among these companies CardWorks, Inc. is responsible for each of the violations under the TCPA cited above against Defendants CardWorks Servicing, LLC. and Carson Smithfield as detailed below:

Actual damages pursuant to *47 U.S.C. §227(b)(3)(B);* statutory damages pursuant to *47 U.S.C. §227(b)(3)(c);* actual damages pursuant to *15 U.S.C. §1692k (a)(1), and Ca. Civil Code §1788.30(a)*; statutory damages pursuant to *15 U.S.C. § 1692k (a)(2)(A) and Ca. Civil Code §1788.30(b);* costs and reasonable attorney's fees pursuant to *15 U.S.C. §1692k (a)(3)* and *Ca. Civil code §1788.30(c)* for such other and further relief as the Court may deem just and proper.

**DEFENDANTS**: Defendants deny that they negligently or willfully violated any law in any manner and deny that Plaintiff suffered or is entitled to any damages from Defendants.

**12.    SETTLEMENT AND ADR**: The parties have not discussed settlement. Plaintiff and Defendants are willing to discuss settlement following appropriate discovery. The parties will file a specific ADR plan for this case.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PARTIES**: Plaintiff consented to a Magistrate judge, however Defendants declined to consent.

**14.    OTHER REFERENCES**: The parties to not believe this case is suitable for a special master or the Judicial Panel on Multidistrict Litigation. Defendants reserve their right

to compel arbitration, if applicable.

15. **NARROWING OF ISSUES**: At this time, the parties are unable to narrow the issues by agreement.

16. **EXPEDITED TRIAL PROCEDURE**: The parties do not believe than an expedited trial procedure is appropriate for this case.

17. **SCHEDULING**

Plaintiff and Defendants agree to the following dates:

Expert disclosure: May 22 2015

Discovery Cut-Off: June 23, 2015

Last day for hearing motions: July 28, 2015

Last date to conduct a settlement conference: June 6, 2015

Final Pretrial Conference: August 7, 2015

Trial: August 27, 2015

18. **TRIAL**:

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**:

**PLAINTIFF:** Plaintiff filed her Certification of Interested Parties or Person on November 6, 2014, pursuant to Fed. R. Civil P. 7.1. To the best of Plaintiff *pro se's* knowledge the below named entities and individuals are the only parties with a financial interest in the outcome of this litigation.

**Plaintiff:**

TERRACE ELLIS, *pro se*

**Defendants:**

Carson Smithfield, LLC
CardWorks Servicing, LLC
CardWorks, Inc.
Judith T. Sethna and Abraham J. Colman, *Attorneys for Defendants*

**DEFENDANTS**: Defendants filed their Certification of Interested Parties or Person on September 19, 2014. Pursuant to Fed. R. Civil P. 7.1, the undersigned, counsel of record for

Defendants Carson Smithfield, LLC, CardWorks Servicing, LLC and CardWorks, Inc. (erroneously sued as CardWorks Servicing, Inc.) provides this corporate disclosure statement as follows: CardWorks, Inc. is the parent company of both Carson Smithfield, LLC and CardWorks Servicing, LLC. No publically held corporation owns 10% or more of its stock.

DATED: November 6, 2014

REED SMITH LLP

By: */s/ Judith T. Sethna*
Abraham J. Colman (SBN 146933)
Judith T. Sethna (SBN 232731)
Attorneys for Defendants Carson Smithfield, LLC, CardWorks Servicing, LLC and CardWorks, Inc. (erroneously sued as CardWorks Servicing, Inc.)

DATED: November 6, 2014

By: _____
Terrace Ellis
Pro Se, Plaintiff

Terrace Ellis
1617 Foxworthy Avenue
San Jose, CA 95118
408-621-6210

Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

TERRACE ELLIS,

    Plaintiff,

v.

CARSON SMITHFIELD, LLC., et. al.

    Defendants.

Case No. CV 14-02607 BLF

**CERTIFICATE OF SERVICE**

I, Eugenia Zertuche, declare:

    I am a citizen of the United States, am over the age of eighteen years, and am not a party to this case. My business address is Burke Williams Spa, 355 Santana Row, #2010, San Jose, CA 95128. I hereby certify that on November 6, 2014 a true and correct copy of the Joint Case Management Statement was served upon Defendants' counsel via U.S. Mail, certified (#7013-2630-0001-5336-6871), postage prepaid and addressed as follows:

Judith T. Sethna and Abraham J. Colman
Reed Smith, LLP.
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
*Attorneys for Defendants*

-1-

PLAINTIFF'S CASE MANAGEMENT STATEMENT POS

**Defendants:**
Carson Smithfield, LLC
CardWorks Servicing, LLC
CardWorks Inc.

DATED: November 6, 2014

By: _/s/ Eugenia Zertuche_ Eugenia Zertuche